## STONE *et al. v.* BIRD.

Judgment by confession on bond of husband and wife for purchase money of real estate is void at law as against the wife, and can only be sustained in equity as a lien on the property purchased, and where her interest in that has been re-acquired by the plaintiffs, the judgment against her must be regarded as invalid and of no effect. Neither can a judgment upon scire facias issued on the original, and obtained against her by default after the death of her husband be sustained.

Rule to show cause why judgment and all subsequent proceedings shall not be set aside.

Opinion by

CONYNGHAM, P. J. The bond on which the first judgment was entered was *void* as to Mrs. Bird, only being sustained in equity as a lien for the purchase money of the property conveyed to her : the interest in this property has since been re-acquired by the plaintiffs, and the judgment against Mrs Bird, therefore, must be regarded as invalid and of no effect, being founded on a bond void because given by a *feme covert.*

Neither can we sustain the judgment upon the scire facias entered against her by default after the death of her husband. The original proceeding having been void cannot be confirmed and re-established without some new consideration : the opening of the early judgment upon such grounds would necessarily carry with it the incidents of the second judgment, because founded on a void judgment it cannot be sustained.

It is alleged there are equities in this case which ought to require the payment of some portion of the judgment ; apart from the fact that she was a married woman. This may be so, but looking to that conceded fact, there can be no equities against her arising out of transactions occurring during the coverture.

Without going at length into principles or authorities, we refer to the case of Kean *v.* Coleman, 3 Wr. 299, to show how impossible or useless it is to talk about sustaining such a claim against a married woman upon any ground of special equity in the transaction.

As, however, she has permitted the second judgment to go by default and remain so long against her, while she was *sole*, and could have made the defence, it is no more than right that she should pay the costs of that proceeding and also of the second sci. fa. to January term, 1865.

We will make the rule absolute on her paying the costs on the two writs of scire facias ; the one in consequence of her default and negligence and the second one because the plaintiffs had a full cause of action to authorize the issue of the second sci. fa. upon the record, as she had permitted it to remain for nearly six years.